**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 11-4873**

———————————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

RANDOLPH EDISON, a/k/a Uncle Rudy,

                Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of Maryland, at Baltimore. William D. Quarles, Jr., District Judge. (1:09-cr-00183-WDQ-7)

———————————

Submitted:  April 23, 2012        Decided:  April 26, 2012

———————————

Before KING, GREGORY, and SHEDD, Circuit Judges.

———————————

Dismissed in part and affirmed in part by unpublished per curiam opinion.

———————————

Arthur S. Cheslock, Baltimore, Maryland, for Appellant. James Thomas Wallner, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Randolph Edison pled guilty to one count of possessing a stolen firearm, in violation of 18 U.S.C. § 922(j) (2006). In his plea agreement, Edison waived the right to appeal his conviction and sentence, reserving only the right to appeal a sentence greater than 96 months. Pursuant to his Fed. R. Crim. P. 11(c)(1)(C) agreement with the Government, Edison was sentenced to a term of 96 months' imprisonment. Edison appealed.

Edison's counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), certifying that there are no non-frivolous issues for appeal, but questioning whether there was an adequate factual basis for Edison's plea, whether Edison's counsel inappropriately coerced his plea, and whether the district court abused its discretion in denying Edison's motion to withdraw his plea. In his pro se supplemental brief, Edison questions the legality of his arrest. The Government has moved to dismiss Edison's appeal to the extent that the issues he raises fall within the scope of his plea agreement's waiver of appellate rights. For the following reasons, we grant the Government's motion for partial dismissal, dismiss in part, and affirm in part.

Pursuant to a plea agreement, a defendant may waive his appellate rights under 18 U.S.C. § 3742 (2006). United

2

States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010). A valid waiver will preclude appeal of a given issue if the issue is within the scope of the waiver. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). The validity of an appellate waiver is a question of law that we review de novo. Id.

"The validity of an appeal waiver depends on whether the defendant knowingly and intelligently agreed to waive the right to appeal." Id. at 169. This determination, often made based on the sufficiency of the plea colloquy and whether the district court questioned the defendant about the appeal waiver, ultimately turns on an evaluation of the totality of the circumstances. Id. These circumstances include all of "the particular facts and circumstances surrounding [the] case, including the background, experience, and conduct of the accused." Id. (internal quotation marks omitted).

Here, the district court substantially complied with Rule 11 when accepting Edison's plea, ensuring that Edison understood the rights he was relinquishing by pleading guilty and the sentence he faced, that Edison committed the offense to which he was pleading, and that Edison was aware of the limits his plea would place on his appellate rights. Given no indication to the contrary, we find that Edison's appellate waiver is valid and enforceable. Accordingly, we grant the Government's motion for partial dismissal, dismissing Edison's

3

appeal to the entent it raises issues within the scope of the waiver, including Edison's pro se challenge to the legality of his arrest.

However, even a valid waiver of appellate rights will not foreclose a colorable constitutional challenge to the voluntariness of a guilty plea. See, e.g., United States v. Attar, 38 F.3d 727, 732-33 & n.2 (4th Cir. 1994). Further, an appeal waiver does not preclude an appeal from the denial of a motion to withdraw a guilty plea based on ineffective assistance of counsel. See United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005). Because Edison's motion to withdraw his plea was premised on, among other things, claims of ineffective assistance of counsel, we find that his appellate waiver does not bar his appeal of its denial.

We review for an abuse of discretion a district court's denial of a motion to withdraw a guilty plea. United States v. Battle, 499 F.3d 315, 319 (4th Cir. 2007). In order to withdraw a guilty plea before sentencing, a defendant must show that a "fair and just reason" supports his request to withdraw. Fed. R. Crim. P. 11(d)(2)(B); United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). We have defined a "fair and just reason" as one that essentially challenges the fairness of the Rule 11 proceeding. United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc). Where, as here, the district

4

court substantially complies with the requirements of Rule 11 in accepting a defendant's guilty plea, the defendant must overcome a strong presumption that his plea is final and binding. See id. We have reviewed the record in this case and, after carefully considering the factors described in Moore, conclude that the district court did not abuse its discretion in denying Edison's motion to withdraw his plea. Thus, we affirm as to this claim.

Further, we decline to consider at this juncture Edison's allegations that he was denied the effective assistance of counsel. Unless an attorney's ineffectiveness conclusively appears on the face of the record, ineffective assistance claims are not cognizable on direct appeal. United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008). Instead, such claims should be raised in a motion brought pursuant to 28 U.S.C.A. § 2255 (West Supp. 2011), in order to promote sufficient development of the record. United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Here, the record fails to conclusively establish counsel's deficient performance or resulting prejudice.

In accordance with Anders, we have reviewed the record, mindful of the scope of the appellate waiver, and have found no meritorious issues for appeal. We therefore dismiss the appeal in part and affirm in part. This court requires that

counsel inform Edison, in writing, of his right to petition the Supreme Court of the United States for further review. If Edison requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Edison. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART
